# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ocie Lee Carswell,

        Petitioner,               Case No. 5:18-cv-10236

v.

                                Hon. Judith E. Levy

Michigan Parole Board,[1]         United States District Judge

        Respondent.        Mag. J. R. Steven Whalen

_____/

## OPINION AND ORDER AMENDING CAPTION, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Ocie Lee Carswell, presently on parole supervision with the Michigan Parole Board through the Wayne County Probation Office in Lincoln Park, Michigan,[2] filed a *pro se* petition for writ of habeas

---

[1] The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. When a petitioner is not in physical custody, the proper respondent is the "entity or person who exercises legal control" over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 438–39 (2004). In Michigan, it is the Michigan Parole Board that exercises this control. *Belser v. Michigan Parole Bd.*, No. 06-10714, 2006 WL 986956, at *1 (E.D. Mich. Apr. 12, 2006). The case caption will be amended accordingly.

[2] The Court obtained Mr. Carswell's status from the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004) (the Court is permitted to take judicial notice of OTIS).

corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his plea conviction and sentence for operating while intoxicated, third offense, for which he received a term of incarceration of six to thirty years as a habitual fourth offender. Petitioner asserts that his due process and statutory rights to a speedy sentence were violated, that the sentence was based on an assumption of guilt regarding untried offenses, and finally, that the sentence was disproportionate.

Because the Michigan Court of Appeals' decision denying these claims was neither contrary to nor an unreasonable application of Supreme Court precedent, the petition for habeas corpus is denied. The Court also denies a certificate of appealability as well as leave to proceed on appeal *in forma pauperis*.

## I. Background

On April 21, 2011, in the Oakland County Circuit Court, Petitioner pled no contest to operating while intoxicated (OWI), third offense, Mich. Comp. Laws § 257.625(6)(d); driving while license suspended, second or subsequent offense, Mich. Comp. Laws § 257.904(1)(c); and possession of an altered driver's license, Mich. Comp. Laws § 257.324. At the time of his conviction, Petitioner's recommended sentence was 93 days "county

2

time . . . in Adult Treatment Court." (Sent. Tr., 8/27/15, ECF No. 9-10, PageID.387.) Petitioner's minimum sentencing range as calculated under the Michigan Sentencing Guidelines was five to forty-six months. (*Id*. at PageID.396.) However, on August 27, 2015, Petitioner was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a term of incarceration of six years (seventy-two months) to thirty years on the OWI conviction, and to time served on the other charges. (*See id*. at PageID.398-99; Ct. App. Rec., ECF No. 9-11, PageID.486.)

In the interval between his plea conviction and sentencing, Petitioner fled to Arizona, where he committed additional offenses for which he was incarcerated for two and half years. (Sent. Tr., 8/27/15, ECF No. 9-10, PageID.389.) In May 2013, Petitioner wrote to the Oakland County Circuit Court from Arizona, requesting the trial court proceed with sentencing but that it impose a sentence which could be served concurrently with his Arizona prison term. (Ct. App. Rec., ECF No. 9-11, PageID.459.) The court did not act on Petitioner's request.

Before Petitioner was finally sentenced in Michigan, he sought to have his case dismissed or his sentence suspended because of a denial of speedy sentencing and due process rights. (Mot. Hrg. Tr., 8/12/15,

PageID.344–46.) The trial court reviewed his claims but denied relief, finding that Petitioner had suffered no prejudice from the delay. (*Id*. at PageID.361–62.) It held the primary reason for the delay was that Petitioner absconded and committed additional felonies while at large. (*Id*. at PageID.365.) On July 11, 2016, in a written opinion, the trial court denied Petitioner's motion to vacate his conviction or correct his sentence based upon his claims of a speedy sentencing rights violation, the disproportionate sentence, and the court's reference to his "windfall" resulting from the dismissal of other charges on speedy trial grounds. (Ct. App. Rec., ECF No. 9-11, PageID.461–467.)

Petitioner raised the same three issues to the Michigan Court of Appeals, but that court denied leave to appeal "for lack of merit in the grounds presented." *People v. Carswell*, No. 334114 (Mich. Ct. App. Sept. 13, 2016) (unpublished order); (*see* Ct. App. Rec., ECF No. 9-11, PageID.402.) The Michigan Supreme Court also denied leave in a standard form order. *People v. Carswell*, 501 Mich. 877 (2017) (Mem.).

Now before the Court is Petitioner's timely-filed petition for the writ of habeas corpus. In it, he raised the same three challenges he raised to the state court of appeals:

4

I. Petitioner's conviction should be vacated because he was sentenced in violation of his due process right to a prompt sentence when the trial court failed to impose [sentence] for more than two years even though it had knowledge of his location.

II. Petitioner is entitled to resentencing [where his sentence] was based on an assumption of guilt of untried offenses, and where the government promised not to appeal, but appealed anyway.

III. Petitioner is entitled to a sentence that is proportionate to him as an offender for the offense committed.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established law "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413; *Bell*, 535 U.S. 685, 694 (2002)). In order for a federal court to find a state court's application of Supreme Court precedent unreasonable, the state court's decision "must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted).

The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions

be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)). A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 586 U.S. 86, 88 (2011) (citing Y*arborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* at 98. However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id.* The "look through" rule applies whether the last

reasoned state court opinion based its ruling on procedural default, *id.* at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id.* at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

Finally, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   Analysis

The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner leave to appeal in standard form orders that provided no explanation for the courts' decisions. However, both courts affirmed the trial court's rulings. Accordingly, this Court will "look through" to the trial court's written opinion and statements on the record for its reasoning and will presume the appellate courts' decisions "rest upon the same ground." *Wilson*, 138 S. Ct. at 1194.

### A. Petitioner's rights to speedy sentencing and due process

Petitioner argues first that his speedy sentencing rights were violated because the trial court failed to sentence him promptly despite being aware of his location out of state. After Petitioner raised the issue in the trial court, that court held that Petitioner enjoyed no federal or Michigan constitutional right to speedy sentencing. (Ct. App. Rec., ECF No. 9-11, PageID.464.) Further, it observed that Petitioner's "sentencing was delayed because he fled the state, committed new crimes, and was incarcerated in Arizona[,]" and that he experienced no prejudice as a result of the delay. (*Id*.)

In *Betterman v. Montana*, 136 S. Ct. 1609 (2016), the Supreme Court concluded that a delay between conviction and sentencing does not implicate the speedy trial guarantee of the Sixth Amendment. *Id*. at 1612. The Court held "the guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Id*. It reasoned that "the accused is shielded by the presumption of innocence," and that protection "loses force upon conviction." *Id*. at 1614. The Court did not address the question of due process, because the petitioner failed

to raise the issue. *Id.* at 1612. However, it noted in dicta that defendants "retain[] an interest" in fundamentally fair sentencing. *Id.* at 1617.

The Sixth Circuit has analyzed a due process challenge presented by a delayed sentence after conviction. *See United States v. Ballato*, 486 F. App'x 573, 576 (6th Cir. 2012) (citing *United States v. Lovasco*, 431 U.S. 783 (1977)) (reviewing "the reasons for the delay and the prejudiced suffered . . . as a result of the delay"). However, only Supreme Court precedents may serve as "clearly established Federal law" for the purposes of 28 U.S.C. § 2254(d); circuit precedent may not. *Parker v. Matthews*, 567 U.S. 37, 48 (2012). And in *Betterman*, the Supreme Court expressly declined to reach the question. 136 S. Ct. at 1612.

Accordingly, there is no clearly established Supreme Court precedent that applies the Sixth Amendment right to a speedy trial to a delay between conviction and sentencing, nor one that supports finding a violation of due process under those circumstances. The state courts were not unreasonable in affirming Petitioner's conviction and sentence. Petitioner is not entitled to relief on his claim that his speedy trial or due process rights were violated by the delay that resulted from his absconding from Michigan after his conviction.

10

## B. Sentence based on inaccurate information

Next, Petitioner argues that he was sentenced on inaccurate information when the sentencing court characterized as a "windfall" the dismissal of charges against Petitioner in an unrelated case.[3] The trial court stated that Petitioner "gained a – a windfall by fleeing the state by having the drug charges that were brought by companion people being dismissed in light of the violation of the speedy trial right, so he's gained a huge windfall . . ."). (Sent. Tr., ECF No. 9-10, PageID.397.) Petitioner also argues that the court presumed his guilt on the dismissed charges.

The trial court denied Petitioner's motion on these issues, holding that the sentence was based on accurate information. (Ct. App. Rec., ECF No. 9-11, PageID.466.) The court also noted that Petitioner's "flight to Arizona and committing additional crimes" released the court from any

---

[3] The dismissed weapons and controlled substance charges were later reinstated against Petitioner. *See People v. Carswell*, No. 329476, 2017 WL 104550, at *1 (Mich. Ct. App. Jan. 10, 2017). Petitioner also argues that the prosecution "promised" not to appeal the dismissal, Pet., ECF No. 1, PageID.7, but does not explain how this entitles him to habeas relief. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (citation omitted).

sentencing agreement and supported its deviation from the sentencing guidelines. (*Id.*)

A sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, a petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).

First, the trial court's "windfall" remark and its purported presumption of guilt on dismissed charges is not "misinformation of constitutional magnitude." *Koras*, 123 F. App'x at 213. The Sixth Amendment does not bar courts' consideration of dismissed conduct when crafting an appropriate sentence. *United States v. Conway*, 513 F.3d 640, 645 (6th Cir. 2008).

Further, Petitioner did not demonstrate that the court relied on those charges. A sentencing court demonstrates actual reliance on

12

misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447. Here, the court summarized the basis for the sentence imposed as Petitioner's "failure to appear for sentencing, his fleeing the state, committing additional crimes while absconding, [and] drinking and failing to appear for sentencing . . ." (Sent. Tr., ECF No. 9-10, PageID.398.) The "additional crimes while absconding" just as likely referred to the Arizona offenses as the dismissed charges, especially after the court observed Petitioner "served a significant amount of time in Arizona. Of course, that is because he committed additional criminal behavior there . . ." (Sent. Tr., ECF No. 9-10, PageID.397.)

Under the "highly deferential" AEDPA standard, *Renico*, 559 U.S. at 773, "fairminded jurists could disagree" about whether the trial court did or did not rely on the dismissed charges, and the Court must defer to the state courts' findings. *Harrington*, 586 U.S. at 88. However, even had the trial court relied on those charges, the Sixth Amendment did not bar that consideration. *Conway*, 513 F.3d at 645. Petitioner is not entitled to relief on this claim.

## C. Constitutionally disproportionate sentence

Finally, Petitioner argues that his sentence was disproportionate. The state court disagreed, ruling that his sentence was proportionate based on his flight from the state after conviction, the additional crimes he committed, and his "lengthy and serious criminal history." (Ct. App. Rec., ECF No. 9-11, PageID.467.)

A sentence with a  length within statutory limits is generally not subject to appellate or habeas review. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (citation omitted); *Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999). Such a sentence "will not [be] set aside, on allegations of unfairness or an abuse of discretion . . . unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking." *Doyle*, 347 F. Supp. 2d at 485. A habeas petitioner arguing a sentence is unjustified or disproportionate must "show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citing *Haynes*, 825 F.2d at 923). This is so because "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Moore*, 643 F.3d 451, 455 (6th

14

Cir. 2011) (citing *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003)). In fact, "federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute." *Id.* (citing *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *Allen v. Stovall*, 156 F. Supp. 2d 791, 795 (E.D. Mich. 2001)).

Further, the Supreme Court has held that "the Eighth Amendment does not require strict proportionality between [the] crime and [the] sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislature in determining the appropriate punishments for crimes. *United States v. Gatewood*, 807 F. App'x 459, 463 (6th Cir. 2020) (citing *Harmelin*, 501 U.S. at 999 (Kennedy, J.)). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F.

App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). Again, if the sentence is within statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Here, Petitioner's sentence is under the statutory maximum set by the Michigan statutory sentencing scheme and it is neither arbitrary nor shocking. Following subsequent conviction of an offense that is otherwise punishable by a maximum term of five years or more, Michigan's sentencing enhancement law authorizes a maximum sentence of life for repeat offenders who have been convicted of at least three prior felonies. Mich. Comp. Laws § 769.12. Petitioner had been convicted of nine such offenses. (*See* ECF No. 9-10, PageID.395–96.) The trial court warned Petitioner at his plea hearing of the potential life sentence because the felony for which he was charged called for a five-year maximum term. (Plea Hrg. Tr., 4/21/2011, ECF No. 9-3, PageID.283.) Petitioner's sentence is less than life, so it is authorized by Michigan law.

Petitioner also contrasts his original sentencing agreement term of ninety-three days in county jail with the six- to thirty-year sentence he

finally received. But the state courts were not unreasonable to find the latter sentence proportionate. Under Michigan law, the trial court was permitted to consider Petitioner's post-offense behavior, that is, his absconding and subsequent crimes. *See People v. Steanhouse*, 500 Mich. 453, 474 (2017) (citing *People v. Milbourn*, 435 Mich. 630, 636 (1990) ("sentences imposed by the trial court [must] be proportionate to the seriousness of the circumstances surrounding the offense and the offender.").

Petitioner's sentence was within the statutory limits for his offense and his status as a repeat offender. It was not disproportionate and thus did not violate the Eighth Amendment's prohibition on cruel and unusual punishment. Petitioner is not entitled to habeas relief.

## IV. Certificate of appealability and leave to proceed in forma pauperis on appeal

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may certify the appeal "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

17

2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotes and citations omitted).

Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong, nor do the claims deserve encouragement to proceed further. The Court therefore declines to issue a certificate of appealability.

The Court also finds that any appeal from this decision cannot be taken in good faith and would be frivolous. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Accordingly, the Court will deny Petitioner a certificate of appealability and will deny Petitioner leave to proceed *in forma pauperis* on appeal.

### V. Conclusion

For the reasons set forth above, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

18

**IT IS FURTHER ORDERED** that Petitioner may not proceed on appeal *in forma pauperis*.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to amend the case caption as reflected above.

IT IS SO ORDERED.


Dated: March 16, 2021                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge



## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 16, 2021.


                                         s/William Barkholz
                                         WILLIAM BARKHOLZ